**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 04-4979**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NADIM ABDULLAH MATIN, a/k/a Anthony German,
a/k/a Anthony Gerard German,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson Everett Legg, Chief District Judge.
(CR-03-569-BEL)

―――――――――――

Submitted: June 22, 2005       Decided: August 12, 2005

―――――――――――

Before WILKINSON, KING, and SHEDD, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Marcia G. Shein, LAW OFFICES OF MARCIA G. SHEIN, P.C., Decatur,
Georgia, for Appellant. Allen F. Loucks, United States Attorney,
Michael C. Hanlon, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nadim Abdullah Matin appeals the district court's judgment imposing a 210-month sentence after a jury found him guilty of conspiracy to distribute and possession with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A) and 846 (2000); possession with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2000) and 18 U.S.C. § 2 (2000); possession with intent to distribute a mixture containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2000) and 18 U.S.C. § 2 (2000); and possession with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000) and 18 U.S.C. § 2 (2000). We affirm.

Matin first claims that the district court erred in denying his motion to dismiss the charges on the ground that the Government violated his rights under the Speedy Trial Act. Under the Speedy Trial Act, an indictment must be filed within thirty days from the date on which a defendant is arrested, 18 U.S.C. § 3161(b) (2000), and the trial must commence within seventy days of the filing date of the indictment or the date of a defendant's initial appearance, whichever is later. 18 U.S.C.A. § 3161(c)(1) (West 2000 & Supp. 2004). Certain delays are excludable when computing the time within which a defendant must be indicted or his trial must commence. 18 U.S.C. § 3161(h)(1)-(9) (2000). We find

- 2 -

no error in the district court's conclusion that Matin's rights under the Speedy Trial Act were not violated.

Matin next contends that the district court erred when it denied him the opportunity to cross-examine a Drug Enforcement Agency agent's veracity, where another trial court questioned the truthfulness of law enforcement agents during a suppression hearing at which the DEA agent testified. Rule 608(b) of the Federal Rules of Evidence allows for the admission, in the discretion of the trial judge, of probative evidence of a "witness' character for truthfulness or untruthfulness." Nevertheless, Rule 608(b) prohibits the use of extrinsic evidence of "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility," unless the evidence is "probative of a material issue in a case." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 531 (4th Cir. 1985). Based on these principles, we find that the district court did not abuse its discretion when it limited the cross-examination of the Government witness based on Rule 608(b).

Matin further argues that the district court erred when it denied his motion for a continuance based upon his request to investigate suspected misconduct by the same law enforcement agent. A trial court abuses its discretion when it denies a continuance based upon an unreasonable and arbitrary insistence on expeditiousness. Morris v. Slappy, 461 U.S. 1, 11-12 (1983). A

- 3 -

defendant must show that the denial prejudiced his case. <u>Hill v. Ozmint</u>, 339 F.3d 187, 196-97 (4th Cir. 2003). We find that the district court did not abuse its discretion in denying Matin's request for a continuance because the court conducted a comprehensive review of this issue.

Matin also appeals the district court's denial of his motion to suppress because, he contends, there was no probable cause to arrest him without a warrant. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. <u>See</u> <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. <u>See</u> <u>United States v. Seidman</u>, 156 F.3d 542, 547 (4th Cir. 1998). Reviewing the record in the light most favorable to the Government, we find that the district court did not err when it denied Matin's motion to suppress the fruits of the search following his arrest and his own admissions made subsequent to that arrest. <u>See</u> <u>United States v. Al-Talib</u>, 55 F.3d 923, 931 (4th Cir. 1995) (ruling that police surveillance will support a finding of probable cause where officers observe conduct that is consistent with a drug transaction).

Finally, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Matin contends only that his Sixth Amendment right to a

jury trial was violated because the district court impermissibly enhanced his sentence based on drug type and drug quantity. Matin's sentence was calculated, pursuant to the U.S. Sentencing Guidelines Manual, ("USSG") § 2D1.1(c)(3)(2003), based upon findings that he possessed more than 150 grams of cocaine base. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (Stevens, J., opinion of the Court). Our review of the record in this case convinces us that no Sixth Amendment violation occurred because Matin's sentence was based on the jury's express findings as to the drug types and quantities.

Accordingly, we affirm Matin's conviction and his sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED